*John D. Christie* v. *Thomas Bishop et al.*   C. HUMPHREY, for appellant; B. JOHNSON, for defendants.   The chancellor

*Purchaser, how far affected by admissions of vendor.* decided, in this case, that a party who has parted with his right or interest in property, or in a chose in action, by an absolute sale and assignment to another person, cannot by his subsequent admissions, affect the right of the purchaser. And that the fact that such admission is made upon the oath of the former owner does not alter the principle, where such oath is made exparte, and without any opportunity for the party against whom it is to be used to cross examine the person making it.

*Admissions &c. in the answer of a co-defendant, effect of.* That it is a general rule not to allow the admissions or statements in the separate answer of one or more defendants in the court of chancery to be read in evidence to sustain the complainant's case against a co-defendant, unless they stand in such a relation to each other that their admissions not under oath would be evidence against each other; as in the case of several defendants standing in the relation of copartners, or as having a joint interest in the subject matter of the litigation.

*Heirs &c., how far bound by a cree pro confesso against original defendant.* That if a bill is taken as confessed against a defendant before his death, and the suit is subsequently revived against his heirs or personal representatives, they must apply to vacate the order taking the bill as confessed if they wish to controvert the allegations in the bill, or to set up any defence except such as has arisen subsequent to that order; the suffering the bill to be taken as confessed against him being an admission by the original defendant while he was alone interested in the subject matter of the litigation that the allegations in the complainants bill were true, and that he had no valid

defence to the claim made by the complainant except such as appeared from the bill itself.

That the answer of a defendant under or through whom a co-defendant claims to have derived his title to the subject matter of the suit cannot be read in evidence against the latter. *Answer of a defendant through whom his co-defendant claims.*

Appeal dismissed with costs, and proceedings remitted to the vice chancellor.